NO. 07-07-0432-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008
_____

JOE CHRISTIAN SALAZAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,146-C; HON. ANA ESTEVEZ, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Joe Christian Salazar appeals his conviction for burglary of a building. His sole issue concerns the trial court's decision denying his request for an instruction on the offense of criminal trespass. The latter allegedly was a lesser-included offense of the crime for which he was indicted. We disagree and affirm the judgment.

*Law*

With the advent of *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), the methodology used in determining whether an accused is entitled to an instruction on a

lesser-included offense has changed.  The test still consists of two elements, and the latter still focuses on whether "evidence [appears of record] that supports giving the instruction to the jury."  *Id.* at 536.  The former element differs, however.  Now we are to compare "the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense."  *Id.* at 535-36.  In doing so, "we do not consider the evidence that was presented at trial."  *Id.* at 536.  Instead, "we consider only the statutory elements [of the crimes charged] as they were modified by the particular allegations in the indictment . . . ."  *Id.*  Then, we ask whether "the elements of the lesser offense [are] 'established by the proof of the same or less than all the facts required to [establish] the commission of the offense charged.'"  *Id. (quoting* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006)).  If they are not, then a trial court acts properly in withholding the instruction.  *Id.* at 536-37.

> *Application of Law*

Here, appellant was indicted for burglary of a habitation.  Furthermore, through the indictment, the State alleged that he "intentionally or knowingly entered a habitation, without the effective consent of Linda Pohlmeier, the owner of the habitation, and attempted to commit or committed theft of property."  Missing from this allegation is any statutory or factual allegation concerning whether appellant knew that the entry was forbidden or received notice to depart but did not.  This is of import for one or the other is a prerequisite to conviction for criminal trespass.  TEX. PEN. CODE ANN. §30.05(a)(1) & (2) (Vernon Supp. 2007) (defining criminal trespass as entering or remaining on or in property of another without effective consent or entering or remaining in a building of another

without effective consent *and* having notice that the entry was forbidden or receiving notice to depart but failing to do so).

That the indictment before us may have alluded to the absence of the owner's "effective consent" is of no import in this instance. This is so for several reasons. First, the crime of criminal trespass requires *both* the absence of effective consent *and* either notice that entry was forbidden or that one's presence is no longer welcomed. *Id.* To equate the two, as appellant suggests at bar, is to effectively nullify a portion of the penal statute, and that we will not do. Second, while it may be that someone is not welcomed onto property, that does not necessarily mean that he knew of that fact. Not only can sentiment be hidden but also changed. So, not until the accused becomes aware of the owner's sentiment and then acts or refuses to act does he commit criminal trespass.

In sum, the elements or facts necessary to convict one of criminal trespass were missing from the charge of burglary as modified by the indictment at bar. Consequently, the former was not a lesser-included offense of the latter, and the trial court did not err in refusing to treat it as one.[1]

We overrule the issue and affirm the judgment.


Brian Quinn
Chief Justice

Publish.

---

[1] We recognize that in *Day v. State,* 532 S.W.2d 302 (Tex. Crim. App. 1975), the Court of Criminal Appeals found criminal trespass to be a lesser-included offense of burglary with intent to commit theft. However, in *Hall,* the Court overruled *Day* to the extent that it conflicts with *Hall.*

3